**IT IS ORDERED as set forth below:**

Date: May 27, 2022



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBER: |
| | : | |
| **DEON DORSEY JONES,** | : | **21-55600-LRC** |
| | : | |
| Debtor. | : | CHAPTER 13 |
| _____ | : | |
| **DEON DORSEY JONES,** | : | |
| | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: |
| | : | |
| v. | : | **22-05054-LRC** |
| | : | |
| **SPMK XV Meadows, LLC,** | : | |
| d/b/a The Meadows Apartments and | : | |
| U.S. Auto Sales, Inc., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Before the Court are a *Motion to Reopen the Clerk's Entry of Default* (Doc. 10) (the "Motion to Reopen"), filed by SPMK XV Meadows, LLC, d/b/a The Meadows Apartments ("The

1

Meadows"), and a *Motion for Entry of Default Judgment* (Doc. 8) (the "Motion for Default Judgment"), filed by Plaintiff.  The Motion to Reopen and Motion for Default Judgment arise in connection with a complaint (Doc. 1) (the "Complaint") that seeks damages and injunctive relief against The Meadows and U.S. Auto Sales for their alleged role in a "Bankruptcy Scheme."

Plaintiff filed a voluntary Chapter 13 case (Bankr. Case No. 20-67595-LRC, Doc. 1, the "First Bankruptcy Case") on June 26, 2020.  Shortly thereafter, Plaintiff filed an adversary proceeding against The Meadows (Case No. 20-06274, the "First Adversary Proceeding") on December 8, 2020.  On February 4, 2021, the Court dismissed the First Adversary Proceeding for failure to state a claim.  (First Adversary Proceeding, Doc. 5.)  A few months later, on July 28, 2021, Plaintiff filed another voluntary petition under Chapter 13.  (Bankr. Case No. 21-55600-LRC, Doc. 1, the "Second Bankruptcy Case").  One day before the Second Bankruptcy Case was dismissed on March 15, 2022, Plaintiff filed the Complaint, initiating this adversary proceeding. On March 15, 2022, Plaintiff served a copy of the summons (Doc. 2) and Complaint on The Meadows and on U.S. Auto, to the attention of its registered agent Cogency Global, Inc., by U.S. Postal mail. (Doc. 3), but both The Meadows and U.S. Auto failed to respond to the Complaint.

Thereafter, Plaintiff filed an Amended Motion for Entry of Default (the "Motion for Entry of Default") (Doc. 7) requesting that the Clerk enter default against The Meadows and U.S. Auto, which he served on The Meadows and Capital One, N.A., by AIS Portfolio Service, LP.  The Clerk entered default on April 20, 2022.   Plaintiff then filed the Motion for Default Judgment on May 5, 2022.  One day later, The Meadows filed its Answer (Doc. 9) (the "Answer") to the Complaint and its Motion to Reopen.  In the latter, The Meadows seeks to set aside the entry of default.

2

## DEFAULT AS TO U.S. AUTO

The Court cannot grant Plaintiff's Motion for Default Judgment as to U.S. Auto because Plaintiff has not pled sufficient facts to establish a cause of action against US Auto. Importantly, even the defendant in default "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alocer*, 218 F.. App'x 860, 868 (11th Cir. 2007) (citing *Cotton v. Mass. Mutual Life Ins. Co.*, 402 F.2d 1267, 1278 (11th Cir. 2005)). The only allegation regarding U.S. Auto in the Complaint is that U.S. Auto "criminally filed a $9000 … loss saying [Plaintiff] defaulted on a loan when the record and the credit reports show that not one late payment was payed [sic] … the entire length of the loan." The Court cannot determine the theory of liability under which Plaintiff seeks to recover damages from U.S. Auto. As such, the Court cannot enter default judgment against U.S. Auto.[1]

## DEFAULT AS TO THE MEADOWS

As to The Meadows, the Court must deny Plaintiff's request for default judgment because The Meadows has requested the Court vacate its default. The grounds for setting aside a default are set forth in the Federal Rules of Civil Procedure, which specifically provide that "the court may set aside an entry of default for good cause . . .." FED. R. CIV P. 55(c) (made applicable to

---

[1] The Court too is concerned that U.S. Auto might not have gotten proper notice before default was entered against it. A clerk's entry of default is only valid if the defendant was properly served. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 2d 261, 270 (E.D. Pa. 2014). It appears that two different entities were served with the Complaint and Motion for Default respectively. Whereas U.S. Auto was served with the Complaint via a registered agent, the Motion for Default Judgment was served on Capital One, N.A. by way of another agent.

3

this adversary proceeding by FED. R. BANK. P. 7055); *see also EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (additional citations omitted). The "good cause" standard is a liberal one, and the Court has the discretion to set aside an entry of default. *Compania Intermericana Export-Import; S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *see also In re Dowd,* 2018 WL 1513544, at *1 (Bankr. N.D. Ga. Mar. 27, 2018). The Court must remain mindful of the strong policy favoring the determination of the case on its merits. *Fla. Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1984). Additionally, the Court should consider the following four factors to determine whether "good cause" exists to set aside an entry of default: "(1) whether the defaulting party has acted promptly to vacate the default; (2) whether the defaulting party has presented a plausible excuse explaining the reasons for the default; (3) whether the defaulting party asserts a meritorious defense; and (4) whether the nondefaulting party will be prejudiced by setting aside the default." *In re Rogers*, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (citations omitted).

The Court will address the "good cause" factors in turn. First, the Court will consider whether The Meadows has acted promptly in moving to vacate this entry of default. "In view of the less stringent standard to be used in cases requesting the removal of default, the Court finds that the passing of less than one month from the time of entry of default to the time of the filing of the Motion is not *per se* unreasonable." *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1001 (N.D. Ga. 1983), *aff'd*, 742 F.2d 1465 (11th Cir. 1984) (additional citations omitted) (finding that a delay of three weeks in filing motion to set aside an entry of default was reasonable). In the instant case, Plaintiff requested the entry of default one day after The Meadows' answer was due. (Doc. 4). The Meadows filed the Motion to Reopen and its Answer

4

just sixteen days after the Clerk entered the default. Therefore, the Court finds that The Meadows acted promptly.

Second, the Court will consider whether the defaulting party has presented a plausible excuse explaining the reasons for default. While courts must consider possible culpable conduct of the party in default, the "good cause" burden does not require a look-behind. *See Southwest Ga. Farm Credit, ACA v. Justice (In re Justice)*, 330 B.R. 872, 874 (M.D. Ga. 2005). Indeed, a court should assume, without deciding, that a defendant meets its burden where a defendant's excuse is clerical error so long as the error occurred in the absence of evidence suggesting culpable conduct. *Id.* This assumption stems from the public policy concerns against default. *Id.*

The Meadows claims that its plausible excuse is the result of mere timing and document transmittal errors. It does not appear that The Meadows suggests that service was insufficient, but rather that service on The Meadows' agent, and not The Meadows' attorney, might have caused a delay in its response. Indeed, it appears that, despite knowing that The Meadows was represented by counsel as evidenced by service of prior filings, Plaintiff did not serve The Meadows' counsel with the Complaint. Doc. 3. Additionally, The Meadows contends that it and its counsel "were confused due to all of the [Pleadings] and the dismissal of the bankruptcy before receipt of [the Complaint] which led to this case going into default." The Motion to Reopen at 5. Indeed, Plaintiff's Second Bankruptcy Case was dismissed just one day after he filed the Complaint, and the Plaintiff's several actions against The Meadows, were denied for various reasons.[2] Therefore, the Court is satisfied that The Meadows presents a plausible excuse explaining default.

---

[2] Second Bankruptcy Case, Docs. 68, 70, 82, 85, and 104. For various reasons, the Pleadings were all denied. (Docs. 69, 80, 84, 100, and 106).

5

The third factor for the Court to consider is whether The Meadows has asserted a meritorious defense to the lawsuit itself. The establishment of a meritorious defense requires more than "general denials and conclusive statements" and instead requires the movant "present a factual basis for its claim." *Turner Broadcasting*, 33 B.R. at 1002. "While a mere denial may suffice in an answer, the defendant must go beyond a mere denial and present more evidence at this stage of the proceeding to justify setting aside the default." *Id.* In determining whether The Meadows has asserted a meritorious defense, the Court need not decide that The Meadows' "defense will succeed, but rather simply whether it is a reasonable basis to defend which could be pursued in litigation." *Lawrence v. Am. IRA, LLC,* 2013 WL 12062264, at *2 (N.D. Ga. Nov. 12, 2013).

In the instant case, The Meadows submitted its Answer the same day it filed the Motion to Reopen. In its Answer, The Meadows raises multiple defenses. Among these defenses, The Meadows contends that Plaintiff fails to state a claim[3] and presents a counterclaim that Plaintiff breached a residential lease. Further, The Meadows asserts collateral estoppel, *res judicata*, fraud, and proper eviction in defense of any claim of a violation of the automatic stay. Therefore, the Court finds that The Meadows has met its burden in providing a meritorious defense.

Finally, the Court must consider whether Plaintiff, as the nondefaulting party, would be prejudiced if the entry of default were set aside. "As a general proposition, a mere delay in the ultimate resolution of the issues on the merits does *not* constitute prejudice to a plaintiff." *In re Rogers*, 160 B.R. at 255 (emphasis in the original) (citing *Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)); *see also Washington v. Washington*, 2015 WL 9918155, at *7 (N.D. Fla. Nov. 24, 2015),

---

[3] Indeed, it is unclear from the Complaint what claim Plaintiff states against The Meadows. The latter is mentioned only briefly in this pleading: "SPMK XV MEADOWS, LLC D/B/A, Sean Hannity is extorting the [Plaintiff] out of $24,000 and [Plaintiff] will fight to the bitter end before [Plaintiff] give[s] him a penny." Complaint at ¶ 20.

6

report and recommendation adopted, 2016 WL 335870 (N.D. Fla. Jan. 26, 2016) ("While Plaintiff is correct that she would be denied a 'quick resolution to the case' if the default is set aside that argument begs the question of whether there would be prejudice. If that were the benchmark for determining whether there is prejudice in setting aside a default, every plaintiff—without exception—who was the beneficiary of a default would suffer prejudice if the default were set aside and the case proceeded on the merits."). "[W]here it is clear that no meritorious defense exists, the delay in vindicating the plaintiff's rights… [and] the expense a plaintiff incurs in prosecuting a suit in in which the defendant has defaulted and presented no meritorious defense, unduly prejudices the plaintiff." *Id*. (quoting *Turner Broadcasting*, 33 B.R. at 1003).

The parties in the instant case find themselves in the same – albeit delayed – position that they would have been in had The Meadows filed a timely response.  The delay is minor.  The Meadows filed its Answer just 52 days after Plaintiff served The Meadows with the Complaint. The Court does not find this delay unreasonable.  Further, as noted above, Defendant offers meritorious defenses where it offers evidence that factual disputes between the parties existed prior to the entry of default.  Therefore, Plaintiff would not be put to the unnecessary expense of prosecuting a claim on which The Meadows could not prevail.  The only apparent injury suffered by Plaintiff to this point has been a short delay in receiving a response to his Complaint. The Court does not find that this delay would be prejudicial or result in an extraordinary amount of additional expense.

The Court finds that the "good cause" factors applicable to the determination of whether to set aside an entry of default weigh in favor of The Meadows.  Further, keeping in mind the strong policy consideration favoring adjudication of cases on the merits, the Court concludes that The Meadows' Motion to Reopen should be granted.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED that The Meadows' Motion to Reopen is **GRANTED;**

IT IS FURTHER ORDERED that, as to U.S. Auto, Plaintiff's Motion to Enter Default Judgment is **DENIED;**

IT IS FURTHER ORDERED that because The Meadows is no longer in default, Plaintiff's Motion to Enter Default Judgment against The Meadows is **DENIED** as **MOOT**.

### END OF DOCUMENT

**Distribution List**

**Deon Dorsey Jones**
121 Ellendale Lane NW
Atlanta, GA 30318

**J. Mike Williams**
Fowler Hein Cheatwood & Williams, P.A.
Suite 220 Park Central
2970 Clairmont Road
Atlanta, GA 30329

**U.S. Auto Sales, Inc.**
Registered Agent: Cogency Global Inc.
900 Roswell Lakes Parkway
Suite 310
Roswell, GA 30076

**Capital One, N.A.**
**AIS Portfolio Service, LP**
4515 N. Santa Fe Ave., Dept. APS
Oklahoma, OK 73118